Citation Nr: 1550131 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 13-19 955 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for obstructive sleep apnea. 


REPRESENTATION

Appellant represented by: Military Order of the Purple Heart of the U.S.A.


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

D. Jani, Associate Counsel


INTRODUCTION

The Veteran served on active duty from August 2006 to July 2009.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a September 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina which, in pertinent part, denied the claim for entitlement to service connection for obstructive sleep apnea.

In appealing the September 2011 rating decision, the Veteran, in July 2012, elected the Decision Review Officer (DRO) review process. See July 2012 Notice of Disagreement; July 2012 Veteran's Representative Statement. Later in April 2013, a Columbia Regional Office DRO Officer conducted a de novo review and issued a statement of the case, which continued the denial of the claim. See April 2013 Statement of the Case. A timely VA Form 9 was received in July 2013. 

In the July 2013 VA Form 9, the Veteran requested a video conference hearing on the appeal. See July 2013 VA Form 9. Thereafter, in June 2015, the Board remanded the claim to schedule the Veteran for a Board videoconference hearing at the RO. See June 2015 Board Remand. 

In September 2015, the Veteran testified before the undersigned at a video conference hearing. A copy of the transcript has been associated with the claims file. 
In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103(c)(2) requires that the hearing officer who conducts a hearing fulfill two duties to comply with the above regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, during the September 2015 hearing, the undersigned VLJ fully explained the issue involved. See September 2015 Board Hearing Transcript, page 2. Although the VLJ did not specifically suggest the submission of evidence that may have been overlooked, testimony was elicited from the Veteran pertaining to his sleep apnea symptoms, which the Veteran contended started while in service. Id. at 3-6. Additionally, the Veteran was represented at the hearing by a representative of the Military Order of the Purple Heart of the U.S.A. The Veteran's representative was also given the opportunity to place additional remarks on the record that might be useful in clarifying the issue on appeal. Id. at 6-7. 
A review of the record reveals no assertion, by the Veteran or his current representative, that VA or the VLJ failed to comply with 38 C.F.R. § 3.103(c)(2) or identified any other prejudice in the conduct of the Board hearing. Moreover, the Veteran and his representative demonstrated actual knowledge of the elements and evidence necessary to substantiate the claim, as evident in the provided testimony. As such, the VLJ complied with the duties set forth in Bryant.
Based on the foregoing, the Board finds that there has been substantial compliance with the Board's remand directives. See Stegall v. West, 11 Vet. App. 268 (1998); see also Dyment v. West, 13 Vet. App. 141 (1999) (holding that another remand is not required under Stegall where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (2002).

Thus, this appeal is now properly before the Board for appellate consideration.

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into account the existence of this electronic record. In addition to the VBMS claims file, there is a Virtual VA paperless file associated with the Veteran's case.

Unfortunately, the appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran seeks entitlement to service connection for obstructive sleep apnea. The Veteran asserts that he suffers from obstructive sleep apnea since his time in service. 

Unfortunately, a remand is required. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2015).

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to assist a claimant in the development of the claim. Under the duty to assist, a medical opinion is adequate when it is based upon consideration of prior medical history and examinations, and describes the disability in sufficient detail so that the Board's evaluation will be a fully informed one. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). 

The Board finds the duty to assist has not been met and further development is necessary before the Veteran's claim can be decided. 

June 2010 VA Examination 

The Veteran was afforded a VA examination in June 2010. Within the June 2010 VA examination report, the examiner diagnosed the Veteran with moderate obstructive sleep apnea. See June 2010 VA Examination Report. 

Under the Medical History section of this examination report, the examiner recorded the Veteran's lay statements noting that his in-service symptoms of sleep apnea started around 2008, but that he did not report complaints of such symptoms during that period. Id. However, this examiner did not provide a medical nexus opinion opining as to whether the Veteran's current obstructive sleep apnea is causally or etiologically due to service. Relatedly, no medical opinion was provided in regards to whether the Veteran's sleep apnea had an onset during service.

Therefore, the Board finds the June 2010 VA opinion to be inadequate and an addendum opinion must be obtained. 


Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claims file all updated treatment records.

2. Upon completion of the development requested above, obtain an addendum opinion for the Veteran's obstructive sleep apnea. 

If deemed necessary by the examiner, afford the Veteran a VA examination. 

All indicated tests and studies should be accomplished, and all clinical findings should be reported in detail. 

The examiner is requested to review all pertinent records associated with the claims file and offer comments and an opinion addressing whether it is more likely than not (i.e., probability greater than 50 percent), at least as likely as not (i.e., probability of 50 percent), or less likely than not (i.e., probability less than 50 percent):

That the Veteran's obstructive sleep apnea is causally or etiologically due to service, or had an onset during service, or began within one year of discharge from service.

In providing this opinion, the examiner must acknowledge and discuss any lay evidence of a chronicity of symptoms. 

All opinions must be supported by a clear rationale, and a discussion of the facts and medical principles involved.

If it is not possible to provide the requested opinion without resort to speculation, the examiner should state why speculation would be required in this case (e.g., if the requested determination is beyond the scope of current medical knowledge, actual causation cannot be selected from multiple potential causes, etc.). 

If there are insufficient facts or data within the claims file, the examiner should identify the relevant testing, specialist's opinion or other information needed to provide the requested opinion.

3. If the claim remains denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response. 

Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. 

The Board intimates no opinion as to the outcome of this case.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).